I agree with the majority in regard to its analysis and disposition of the first, second, third and fifth assignments of error. However, I must respectfully dissent as to the fourth assignment of error. The mere presentation to the criminal sentencing court from the Child Support Enforcement Agency of a document setting arrearages and an amount to be paid regularly on this amount does not comply with due process or the letter or the spirit of Revised Code 3113.04 unless the obligor has had an opportunity to contest that amount in a hearing in an appropriate division of the trial court. In addition, the establishment of an arrearage amount and payment schedule thereon without the obligors having had an opportunity to be heard as to each and adopting such as conditions of probation subjects these conditions to the challenge that these conditions have nothing to do with the rehabilitation of the offender. The purposes of rehabilitation would be defeated if payment schedules are impossible for a defendant to comply with. In addition, the complaint filed against appellant does not encompass the total time he has failed to pay support. I would find that it is not appropriate for the trial court to order the appellant to pay the total amount of his child support arrearages as a condition of his probation. The sentencing court should either adopt the orders of the Family Court regarding the arrearage amount and the reasonable periodic payments thereon or, if the trial court chooses to order the appellant to pay a lump sum amount over the period of his probation, that amount should be limited to the arrearages which accrued during the time period encompassed in the complaint.